UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD LEE ERICKSON, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    No. 4:20 CV 34 JMB |
| | ) |
| NATIONSTAR MORTGAGE, LLC, | ) |
| | ) |
|     Defendant/Counterclaim Plaintiff/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERICKSON CABIN, LLC, | ) |
|     Third-Party Defendant/ Crossclaim and Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BUSEY BANK, et al., | ) |
| | ) |
|     Counterclaim Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Erickson parties' motion to release the $80,000 cash bond they were required to post as a condition of obtaining a preliminary injunction enjoining foreclosure. The motion is opposed by defendant Nationstar Mortgage, LLC, (Nationstar) and the Busey Bank parties. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

    **I.**    **Background**

The claims in this matter relate to the parties' rights and responsibilities with regard to a lien asserted by defendant Nationstar secured by a deed of trust encumbering real property located in Unionville, Missouri. On May 23, 2019, the Ericksons filed a petition for injunctive relief

against Nationstar in the Circuit Court of Putnam County to enjoin a trustee's sale scheduled on May 30, 2019.[1]  On June 19, 2019, the circuit court entered a preliminary injunction enjoining foreclosure and directed the plaintiffs to post a cash bond in the amount of $80,000.  Thereafter, the Busey Bank parties removed the matter to the Western District of Missouri, invoking jurisdiction based on diversity of citizenship.  28 U.S.C. §§ 1441(b), 1332(a).  Subsequently, venue was transferred to this Court by consent of the parties.

The Ericksons ask the Court to release the bond.

**II.     Discussion**

Missouri law requires any party obtaining an injunction to post a bond or deposit cash "sufficient to secure . . . all damages that may be occasioned by such injunction to the parties enjoined, or any party interested in the subject matter of the controversy, conditioned that the plaintiff will . . . pay all sums of money, damages and costs . . . adjudged against him if the injunction shall be dissolved." Mo. Rev. Stat. § 526.070; Mo. S. Ct. R. 92.02(d); see also Fed. R. Civ. P. 65(c) (court may issue preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.").  The purpose of requiring an injunction bond is "to protect parties who sustain damage as a result of compliance with [an injunction] later determined to have been illegally or improperly issued." Buttress v. Taylor, 62 S.W.3d 672, 681 (Mo. Ct. App. 2001) (quoting Mechanic v. Gruensfelder, 461 S.W.2d 298, 309 (Mo. Ct. App. 1970));  see also Paul's Indus. Garage, LLC v. City of Red Wing, No. CIV 06-4770 RHK/JSM, 2006 WL 3804243, at *8 (D. Minn. Dec. 22, 2006) (citing N. States Power Corp. v. Fed. Transit Admin., 270 F.3d 586, 588 (8th Cir. 2001)) (injunction bond "should be set in an amount that will

---

[1] A temporary restraining order was entered on May 24, 2019, and extended on June 5, 2019.  See Docket entries [Doc. # 1-1 at 1-2].  Defendant Nationstar moved to dissolve the temporary restraining order based, in part, on the Ericksons' failure to post a bond as required by state law.  Id. at 52-62.

insure the non-movant against any financial loss it might sustain as a result of the injunction, in the event the non-movant ultimately prevails in the litigation."). An award of damages on an injunction bond may include an award of reasonable attorney's fees paid for necessary services rendered to lift the restraint. Dent Wizard of San Francisco, Inc. v. Bunetic, 172 S.W.3d 481, 484 (Mo. Ct. App. 2005) (citing Collins & Hermann, Inc.-Welsbach & Assocs. Div. v. St. Louis Cty., 684 S.W.2d 324, 326 (Mo. 1985)). When, as here, a case is removed from state court after a preliminary injunction is entered, the preliminary injunction remains "in full force and effect until dissolved or modified by the district court" and the bond remains "valid and effectual notwithstanding such removal." 28 U.S.C. § 1450.

In support of their motion to release the bond, the Ericksons assert that the property itself is sufficient security to protect Nationstar's interests and, thus, the $80,000 cash bond is duplicative. In this case, however, Nationstar asserts a lien against the property. The Ericksons have not addressed whether, in the event that the preliminary injunction is dissolved, the value of the property is sufficient to satisfy both the lien and any damages sustained by Nationstar and the Busey parties as a result of the injunction. Furthermore, "[l]iability accrues on an injunction bond, and a defendant's right of action comes into being, when the impropriety of the issuance of the injunction has been determined as a consequence of the termination of the injunction suit adversely to the party procuring the injunction." Citizens for Ground Water Prot. v. Porter, 275 S.W.3d 329, 352 (Mo. Ct. App. 2008) (quoting Waterman v. Waterman, 210 S.W.2d 723, 726 (Mo. Ct. App. 1948). "A proceeding for the assessment of damages on an injunction bond is in the nature of a new, separate and independent controversy." Id. (quoting J and P Trust v. Cont'l Plants Corp., 541 S.W.2d 22, 26 (Mo. Ct. App. 1976)). Thus, it would be improper to release the bond before a determination of the merits of the parties' claims. Citizens for Ground Water Prot., 275 S.W.3d at 352-53 (reversing trial court's order releasing bond).

Accordingly,

**IT IS HEREBY ORDERED** that the Erickson parties' motion to release bond [Doc. # 37] is **denied**.

                                                                   */s/ John M. Bodenhausen*
                                                                   JOHN M. BODENHAUSEN
                                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2020.