UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARNOLD LEE ERICKSON, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   No.  4:20 CV 34 JMB |
| | ) |
| NATIONSTAR MORTGAGE, LLC, | ) |
| doing business as Mr. Cooper, | ) |
| | ) |
|     Defendant/Counterclaim | ) |
|     Plaintiff/Third-Party | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ERICKSON CABIN, LLC, | ) |
|     Third-Party Defendant/ | ) |
|     Crossclaim and Counterclaim | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BUSEY BANK, et al., | ) |
| | ) |
|     Counterclaim Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Nationstar Mortgage, LLC, (Nationstar) to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), the slander of title claim asserted by Erickson Cabin, LLC (Erickson Cabin). Erickson Cabin has filed a response to the motion and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.     Background**

The claims in this matter relate to the parties' rights and responsibilities with regard to a lien asserted by defendant Nationstar secured by a deed of trust encumbering real property located in Putnam County, Missouri. The Ericksons purchased the property at issue in April 2006. Amended Counterclaim and Crossclaim at ¶ 6. [Doc. # 52]. In January 2007, they executed a promissory note in the amount of $88,000[1] and a deed of trust giving Pulaski Bank (now known as Busey Bank) a security interest in the property. Id. at ¶¶ 7-8. The Ericksons made regular payments on the loan. Detail Transaction History at 1-2 [Doc. # 1-2 at 46-53];

This straightforward course of events took a detour in February 2018, when Busey Bank was contacted by an attorney who "request[ed] confirmation of the deed of trust" for a client who "was trying to levy on the property." Amended Counterclaim and Crossclaim at ¶ 17. On February 21, 2018, the Busey Bank parties executed a document entitled "Full Deed of Release," which was recorded in Putnam County on March 5, 2018.[2] Id. at ¶ 18. A few months later, in June 2018, the Ericksons transferred their interests in the real property to Erickson Cabin, LLC. Id. at ¶ 23.[3] On March 20, 2019, a little more than a year after they recorded the deed of release, the Busey parties executed and recorded an affidavit of erroneous release, purporting to rescind the 2018 deed of release and declaring it "null and void."[4] Id. at ¶ 21. On April 12, 2019, Mortgage Electronic

---

[1] Defendant Nationstar claims that it now holds the original promissory note. Id. at ¶ 13.

[2] The deed of release identified Busey Bank as the "present holder and legal owner of the . . . Deed of Trust." [Doc. # 16-1].

[3] See also Quit Claim Deed [Doc. # 1-2 at 107-08].

[4] The affidavit states that "[i]t was not the intent . . . to release the Deed of Trust . . . since the Deed of Trust Note and loan . . . has not been paid and the release of said Deed of Trust was not authorized and was ineffective." The affidavit further states that the loan secured by the Deed of Trust "was sold by Pulaski Bank, now known as Busey Bank, to Nationstar Mortgage LLC in the year 2007. Busey Bank had no

Registration Systems, Inc. (MERS), filed a document assigning the deed of trust to Nationstar.[5] See id. at ¶ 22; Corporate Assignment of Deed of Trust [Doc. # 48-8]. On May 1, 2019, Nationstar notified the Ericksons that the property would be sold at a trustee's sale on May 30, 2019.[6] Amended Counterclaim and Crossclaim at ¶ 24. Thereafter, Nationstar listed the property on auction.com, a website advertising foreclosure auctions. Id. at ¶ 25. On May 14, 2019, Erickson Cabin entered a contract to sell the property for $125,000, but the purchasers refused to proceed with the sale as a result of the pending foreclosure. Id. at ¶¶ 29, 33.

On May 23, 2019, the Ericksons filed in the Circuit Court of Putnam County a motion for temporary restraining order to stop Nationstar from proceeding with the trustee's sale. The Circuit Court granted the motion on May 24, 2019, and entered a preliminary injunction on July 29, 2019. Id. at ¶¶ 30-32. Busey Bank removed the action to the District Court for the Western District of Missouri, which then transferred the matter to this Court at the parties' request.

Erickson Cabin asserts a slander of title claim against the Busey parties and Nationstar arguing, in essence, that Busey Bank's affidavit of erroneous release did not reverse its original release. As a result, Erickson Cabin claims, Nationstar falsely asserted that it held title when it took steps to foreclose on the property.

---

ownership interest in the . . . Deed of Trust at the time the erroneous Full Deed of release was recorded." [Doc. # 1-2].

[5] MERS "establish[ed] a national electronic registry to track mortgages and subsequent assignments." Plymouth Cty., Iowa v. Merscorp, Inc., 774 F.3d 1155, 1157 (8th Cir. 2014). "MERS does not originate, assign, or service any mortgages, but instead charges a fee when members record or transfer a mortgage on the registry. Upon initial recording, mortgages are recorded with the county recorder and MERS becomes the mortgagee of record. With subsequent transfers, MERS remains the mortgagee of record in the county property records, but tracks the transfers for priority purposes on its registry. These transfers are not recorded with the county recorder in the county where the real property is located." Id. See Deed of Trust ¶ E [Doc. # 1-1 at 67] (describing MERS as a nominee for Pulaski Bank and the beneficiary of the deed of trust).

[6] The Ericksons stopped making payments on the loan in September 2018. Detail Transaction History at 1-2 [Doc. # 1-2 at 46-53]; Counterclaim Answer at ¶ 17 [Doc. # 52].

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Though 'matters outside the pleadings' may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." Zean v. Fairview Health Servs., 858 F.3d 520, 526 (8th Cir. 2017)

4

(citation omitted).  Materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings."  Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (quotation omitted).  Thus, "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."  Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003).  Stated more comprehensively, courts may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment."  Zean, 858 F.3d at 526 (quoting Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (internal quotation and citation omitted)).  Here, the parties have attached several documents, including the original deed, the deed of full release, and the affidavit of erroneous release, all of which are documents embraced by the pleadings.

### III.     Discussion

Slander of title requires there be "false words that are maliciously published, causing the plaintiff to suffer a pecuniary loss or injury."  Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co., 464 S.W.3d 177, 188 (Mo. 2015).  In order to proceed against Nationstar on its claim, Erickson Cabin must allege that it has "1) some interest in the property, 2) that the words published were false, 3) that the words were maliciously published, and 4) that [it] suffered pecuniary loss or injury as a result of the false statement."  Eckel v. Eckel, 540 S.W.3d 476, 485 (Mo. Ct. App. 2018).  "To infer the existence of malice, the evidence of plaintiffs must support a reasonable inference that the representation not only was without legal justification or excuse, but was not innocently or ignorantly made."  Tongay v. Franklin Cty. Mercantile Bank, 735 S.W.2d

766, 770 (Mo. Ct. App. 1987) (citation omitted).  Where a difference of opinion exists on the issue of malice, the question is one for the trier of fact to resolve.  Dumler v. Nationstar Mortg., LLC, 585 S.W.3d 343, 352–53 (Mo. Ct. App. 2019).

Erickson Cabin claims that Nationstar made a false statement when it published the pending foreclosure sale on auction.com.[7]  Nationstar argues that the listing of the pending foreclosure sale on auction.com did not contain any false words because the sale was indeed scheduled for May 30, 2019, and would have proceeded on that day, but for the temporary restraining order Erickson Cabin obtained.  Erickson Cabin does not dispute Nationstar's assertion that the listing itself did not contain any false words.  Rather, Erickson Cabin contends that, by listing the foreclosure sale on auction.com, Nationstar falsely held itself out as being the true holder of the deed, despite knowing that Busey Bank had filed the full deed of release and further, that the "filing . . . gave notice to the public that the real property owned by Erickson Cabin, LLC was no longer subject to a Deed of Trust."  Amended Counterclaim and Crossclaim at ¶ 26.  Furthermore, Erickson Cabin argues, malice can be inferred because Nationstar is a sophisticated mortgage company that understood that the deed of release gave "notice . . . to the world" regarding "whether or not a lien existed" on the real property.  Response in Opposition at 7.  As for the Affidavit of Erroneous Filing that purported to nullify the release of deed, Erickson Cabin alleges that such an affidavit "does not reinstate a Full Deed of Release in the State of Missouri."  Amended Counterclaim and Crossclaim at ¶ 27.  Indeed, Erickson Cabin alleges, Nationstar was required to "obtain[] a Court Order setting aside the Full Deed of Release."  Id.  Erickson Cabin does not cite, nor has the Court been able to find, any legal authority for the assertions that Busey Bank's

---

[7] Erickson Cabin also alleges that, on May 1, 2019, Nationstar mailed to the Ericksons' attorney a Notice of Trustee's Sale scheduled for May 30, 2019.  Amended Counterclaim and Crossclaim at ¶ 24.  Erickson Cabin does not allege that this Notice was "published" or that it contained any falsehoods and thus it cannot provide the basis for the slander of title claim.

6

Affidavit of Erroneous Filing had no legal effect or that only a court order could undo Busey Bank's error in releasing the deed. Under Rule 12(b)(6), the Court cannot accept as true Erickson Cabin's unsupported legal conclusions. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Erickson Cabin cites the April 2019 corporate assignment of the deed to Nationstar to support its assertion that Nationstar knew it was not the trustee of the January 2007 deed. Erickson Cabin argues that "Nationstar would have this court believe that . . . Busey Bank had no authority to file the Full Deed of Release [in March 2018], but yet had the authority to execute a Corporate Assignment of Deed of Trust [in April 2019]." Response in Opposition at 5-6 [Doc. # 64]. This argument fails because the Corporate Assignment was executed by MERS, not Busey Bank. Erickson Cabin does not contest that MERS was authorized to make such an assignment. The Court finds Erickson Cabin has not adequately alleged that Nationstar maliciously published a false statement.

Nationstar also argues that Erickson Cabin fails to allege that it suffered pecuniary damage as the result of Nationstar's actions. In response, Erickson Cabin cites its allegation that its agreement to sell the property for $125,000 failed. Erickson Cabin argues that the Affidavit of Erroneous Filing and the Corporate Assignment of the Deed of Trust slandered its title and prevented it from completing the sale. Id. at 7-8. As noted above, however, Nationstar did not execute and file either of these allegedly slandering documents.

In summary, Erickson Cabin fails to allege facts supporting the elements of its slander of title claim against Nationstar.

Accordingly,

7

**IT IS HEREBY ORDERED** that Nationstar's motion to dismiss Erickson Cabin's First Amended Counterclaim [Doc. # 58] is **granted**.

A separate dismissal order will be entered.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of December, 2020.